## Jones v. Commonwealth.

(Decided September 28, 1923.)

## Appeal from Madison Circuit Court.

1.  Schools and School Districts—Unnecessary to Show by Direct Evidence Possession of Original Printed Questions Intended for Examination for Teachers' Certificates in Prosecution for Selling.—In a prosecution under Ky. Stats., section 4426, for selling questions sent out by the superintendent of public instruction for examination of persons applying for certificates to teach, it could not be said that defendant was not guilty because it was not shown by direct evidence that he had in possession the original printed list of questions sent out, he having given to purchasers of the questions a list made out in longhand, in view of section 459.

2.  Schools and School Districts—Guilt of Selling Questions for Teachers' Examination Held for Jury.—In a prosecution under Ky. Stats., section 4426, for selling questions sent out by the superintendent of public instruction for the examination of persons applying for certificates to teach, guilt of defendant held for the jury.

3.  Schools and School Districts—Rule of Strict Construction as to Statute Making it a Crime to Sell Questions for Teachers' Examination Modified.—It is a general rule that statutes such as Ky. Stats., section 4426, making it a crime to sell questions sent out by the superintendent of public instruction for the examination of persons applying for certificates to teach, are to be strictly construed; but this rule is modified by section 459, providing

that all statutes shall be construed with a view to carry out the intention of the legislature.

BURNAM & GREENLEAF for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Appellant was indicted under the provisions of section 4426, Kentucky Statutes, and charged with the crime of unlawfully and feloniously, selling questions sent out by the superintendent of public instruction for the examination of persons applying for certificates to teach in the common schools of this state.

The statute, so far as applicable, is as follows, to-wit:

"Any county superintendent, county examiner, printer, officer of state or county or any other person who shall sell, barter, give or furnish, or procure to be sold, bartered, given or furnished to any applicant for a certificate, or to any other person, or any other person who shall have in his possession unlawfully or in any way not provided by law, any question or questions prepared or sent out by the superintendent of public instruction or the state board of examiners for the examination of persons applying for such certificate or in any way dispose of such question or questions, except in the manner provided by law, shall be guilty of a felony."

A judgment of conviction resulted from his trial in the circuit court, and he appeals.

The single question urged for reversal is that he was entitled to a directed verdict of not guilty, because the evidence failed to show him guilty of the crime described in and denounced by the quoted statute.

There were two young students who roomed together at Richmond and attended the Eastern State Normal School at that place; they each contemplated taking an approaching examination for teachers' certificates. A short time before that proposed examination appellant sold and delivered to those two students, for a consideration, copies in longhand of what he told them might or would be questions to be submitted on the examination. They each gave him a check payable after the date of the approaching examination, the checks to be paid only if.

the questions so submitted on the examination were the same as those bought by the students. In some way the authorities of the normal school heard of the transaction, notified the state superintendent's office, and upon investigation came into possession of the identical paper in longhand so sold and delivered by appellant to the students. The examination in that county was then called off and neither of the students took the proposed examination, nor were either of the checks given by them ever paid.

The paper in longhand so delivered to the students was identified by each of them, and offered in evidence on the trial, and it is likewise shown that on at least two or three of the subjects the questions contained on the papers sold by appellant were identical with the printed questions prepared at the office of the state superintendent and sent out by that office for the purposes of the examination. It also shows that the questions so prepared at the state superintendent's office were sent out in printed form, while the questions sold by appellant were on a separate and distinct paper and written in longhand. There was no direct evidence either that any of the printed questions sent out from the state superintendent's office were missing, or that defendant at any time had in his possession any such printed questions.

It is earnestly argued that as there was no evidence appellant sold one of the original printed sheets containing the printed questions sent out from the superintendent's office, or that the questions in longhand sold by him were copied from such printed questions, the language of the statute does not embrace or provide punishment for his act.

The fundamental purpose of the enactment is to protect the schools of this state from incompetent and unconscionable teachers who may by fraudulent means secure certificates to which they are not entitled, as well as to provide punishment for those in authority "or to any other person" who shall sell, barter, give or furnish such question or questions to an applicant for a certificate.

Having in view the beneficent purposes of this statute, may it be said with any degree of sound reason that one who in some manner procures in advance copies of such questions and disposes of them to an applicant for a certificate, is not guilty of the crime described and denounced in the statute merely because there is a failure

to show that he had one of the printed forms or questions prepared and sent out by the state superintendent, when in fact he has in his possession and does sell to such applicant a copy in longhand of the printed questions so prepared and sent out? How did he know they were questions which would be submitted on the examination if he had not copied them or had them copied from a printed list prepared and sent out by the state superintendent?

It is a fair inference and one which the jury was authorized .to indulge that he or some one for him made copies of such printed questions, and he knowing they were such sold them to the applicants. And so sure was he of their genuineness that he agreed to accept his compensation in checks payable after the examination was to be held and their genuineness thereby demonstrated.

He had in his possession copies of such questions, and he unlawfully disposed of them to prospective applicants for certificates, and the argument by counsel that because he was not shown by direct evidence to have been in possession of the original printed list so sent out, he was not guilty under the terms of the statute, is wholly fallacious. The copies furnished the applicants gave them the same information the original printed lists would have given, and thereby the very thing the statute intended to prevent was accomplished.

The "question or questions" referred to in the statute are not to be confined to the identical printed list prepared and sent out by the superintendent's office; those words referred to the contents and substance of the "question or questions" so prepared and sent out, and not merely to the identical piece of paper upon which they were printed. The interpretation contended for by counsel would not only open up a fruitful field for fraud and chicanery, but would in its practical effect almost nullify the effect of the statute by making its enforcement impossible in many cases.

Under the interpretation contended for one who might unlawfully procure a copy of such printed questions could make unnumbered copies on typewriter or in longhand, destroy the original and sell the copies with impunity. His agents or confederates might dispose of the copies without ever having seen the original printed questions.

We have no difficulty in reaching the conclusion that one who unlawfully has in his possession copies of the question or questions prepared and sent out by the state

superintendent is guilty of the offense denounced in the statute.

It is the general rule that such statutes are to be strictly construed, but we have in this state a statutory rule of construction that "all statutes shall be construed with a view to carry out the intention of the legislature," Ky. Stats., section 459. It could hardly be contended in the light of the purpose of the enactment that the legislature intended, when section 4426 was enacted, copies of such questions might be sold or distributed.

Judgment affirmed.